Liu v. Garland

BIA
Barcus, IJ
A205 421 499

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.

PRESENT:
    RAYMOND J. LOHIER, JR.,
    MYRNA PÉREZ,
    ALISON J. NATHAN,
        *Circuit Judges.*

_____

CHANG-JIE LIU,
        *Petitioner*,

        v.                                        20-1510
                                                  NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Adedayo O. Idowu, Law Offices of
                       Adedayo O. Idowu, New York, NY

FOR RESPONDENT:        Brian Boynton, Acting Assistant
                       Attorney General; Anthony P.

Nicastro, Assistant Director;
Ilana J. Snyder, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang-Jie Liu, a native and citizen of the People's Republic of China, seeks review of an April 13, 2020 decision of the BIA affirming a June 6, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang-Jie Liu*, No. A 205 421 499 (B.I.A. Apr. 13, 2020), *aff'g* No. A 205 421 499 (Immig. Ct. N.Y.C. June 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the consistency of such statements with other evidence of record . . . , and any inaccuracies of falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

Liu alleged that the police arrested, beat, interrogated, and detained him after they raided the underground Christian

3

church he attended.  The agency reasonably concluded that Liu's testimony lacked detail.  *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the [agency] may fairly wonder whether the testimony is fabricated."), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007).  When questioned, Liu was unable to provide details of his own conversion experience, when his friend introduced him to the gospel, how his religious conversion affected his life, why the photograph accompanying his pastor's letter showed him as much younger than when he purportedly joined the church, and when his brother came to the United States or where he lived.

Having questioned Liu's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence.  "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  As the agency

4

found, the letter from Liu's church in China did not corroborate Liu's description of the raids on the church or Liu's arrest, and Liu's mother's letter did not corroborate that Liu received medical treatment or that the police continued to look for him five years after he left China.

The inconsistency, lack of detail, and lack of corroboration provided substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court